Opinion by KINCHELOE, J.   It was stipulated that certain items of the merchandise assessed for duty at the rates of 18.80, 19.50, and 18.10 percent under paragraph 904 consist of cotton cloth the same in all material respects as that the subject of *Daniels* v. *United States* (16 Cust. Ct. 83, C. D. 989).   In accordance therewith the protests were sustained as claimed.

**No. 51335.**—Protests 952546–G, etc., of S. S. Kresge Co. et al. (Baltimore, etc.)

Opinion by KINCHELOE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, OCTOBER 2, 1946

**No. 51336.**—Protest 3606–K of Suzuki & Co. (Los Angeles).

Opinion by CLINE, J.   It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164; C. A. D. 303).   In accordance therewith the claim at 10 percent under paragraph 1540 was sustained.

**No. 51337.**—Protests 57102–K, etc., of Tedman Importing Co. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 51338.**—Protests 57360–K, etc., of Ratsey & Lapthorn, Inc. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.